Your honors, it's James Whitehouse. I'm representing Han Tse. What did you say? Han Tse. I'm representing the plaintiff and the appellant, Han Tse. You have to speak up a little. All right, I will, your honor. Now this is an interesting case. There's really only two pieces of evidence here. There's one page out of the trial transcripts, which is... You're talking about your case? Yes, I am. Okay. It's about 100 words. You can read it in 30 seconds. It's when the defense attorney asks for a sidebar and goes in front of the judge. Yeah. Did you have a question? Well, the defense attorney asks for a sidebar and goes in front of the judge and the prosecutor and mentions a six-year plea offer that the state had made. And the second piece of evidence is that same defense attorney's declaration, which he made about three years later after Han Tse had accused him of ineffective assistance of counsel and some other things, in which he claims that this was never a plea offer. This was merely a potential offer. And so what we have is we have the trial transcripts that talk about the six years that the state was offering. This is what I don't understand. He had lawyers on appeal. Yes. They had the trial transcript. Yeah, I believe so. Yes, they did. So how does the fact that he didn't have it make it not discoverable? I mean, those people, his lawyer on appeal was presumably his agent at that point. She had the trial transcript. She could have discovered this. She didn't do it. I mean, there may be an ineffective assistance on appeal or something, but I find it strange to think that you can have newly discovered evidence of something that's in the trial transcript all along. I think the point here is we're talking about this interesting new area of the law after Frye and Loeffler where we're talking about the right to effective assistance of counsel regarding plea negotiations, which are done between the lawyer and the inmate, and there's no record of what happens. So there was no record of the fact that his attorney... Well, I understand that, but the one thing there was a record of is what happened in the trial. But there's no way for his attorney, his appellate attorney at that time, to realize that his trial attorney... Why didn't he ask the same way the, quote, jailhouse lawyer asked him? Why wouldn't a reasonable attorney have asked that question as well? The appellate attorney? Yeah. Yes, I'm not sure. He's got the brief. Why doesn't he ask the question, why did you not accept this deal? The fellow that helped him in prison saw that. Exactly. So the factual predicate was there. How do you meet the 2241D1D standard? Well, I believe that, like I said, Hansay, well, Hansay didn't find out until a time. Certainly his attorneys had the record, but like I said, they were not aware of the interaction between him and his trial attorney. Why didn't they ask out of a, I imagine after 1,200 pages of trial testimony, they didn't realize the significance of it. But in terms of, it just seems a very odd thing to say that it wasn't discovered or discoverable, because people were operating on his behalf. If not, he had the information way earlier. Well, they obviously had the information that there's a sidebar. The fact that they had no idea. And that there was a, I mean, insofar as this, I mean, there's a huge fight in the briefs about was there an offer, wasn't there an offer, and so on, but whatever there is to be known was known. I don't think the appellate attorneys had any reason to believe that there was any miscommunication. Well, let me just read this for the benefit of the audience so they know what we're talking about. Mr. Lee, that's See's lawyer, may we approach really quick the court? Sure, on the record. Mr. Lee, should be, the court, okay. Then you had the following proceedings at sidebar. I don't think it's going to work. The court, okay. Mr. Lee, all right, that's See's lawyer again. I mean, you mentioned the six years. The people weren't really offering what my client wants at this moment. The court, have you even made any others? Ms. Oakum, that's the prosecutor. The client wants time served, Mr. Lee, for the record. The terms much later on, something coming down the pipe. I mean, it probably means the pike. That there, settlement negotiations is not going to develop. You know what I'm saying? The court, that's fine. And what I gather from this is it was the judge who thought that six years would have been a good disposition. That's what it sounds like. Yeah, but they, and wanted the, asked the district attorney there to talk to the supervisor to see if they could work it out. Well, that's actually. And that didn't happen because this fellow wanted time served. And so it ended right there. Well, that's what his defense attorney said three and a half years later. That's what his defense attorney said in his declaration three years later, that this was just a perspective or a potential thing. She was merely, she was just talking to her supervisor. This wasn't a real deal at all. That certainly sounds that way. Well, first of all, he mentioned six years and he talks about what the state was or the people weren't offering. That's past tense. He's not talking about a potential. He's not saying in terms of what we talked about earlier, what they're thinking of offering. He says what they weren't offering. That seems to indicate past tense. Nobody here says potential. The judge, and just as the U.S. Supreme Court said, both the judge and the prosecutor had a chance to say, whoa, whoa, back up. You know, this wasn't an offer. You think that his lawyers should have gone over to him and said, look, see, the judge thinks that six years is what you ought to get. Now, you want time served. You ain't going to get that. Now, so you want me to tell him that you'll take the six years if it comes down the pike? Well, I think, first of all, I think. Is that what you're saying, that lawyers should have done? Well, I think what happened here is. I mean, you can answer that yes or no, can't you? I think it should have been much more clear to Mr. Say about what the status, what was going on exactly. I think he misrepresented to Mr. Say exactly what was going on. I think he gave Mr. Say the impression this was a negotiation. He said, this is just potential. We're just talking, they're talking about six years, and Mr. Say did the same thing I would have done or what you would have done. He said, this is a bargain. They go high, I go low, we meet in the middle. If they're willing to do six years, can you ask them about time served? Once you, assuming you were able to get by the major impediment, which is the 2244D1D standard, assuming you could get past that, what should happen now? Are you saying this should be remanded for a hearing in the district court as to whether there was agreement or whether there wasn't agreement? What happens now? No, I think the U.S. Supreme Court is pretty clear that when we have one of these situations, we should look at the trial transcripts. And here it's very clear they were talking about this offer. No one said potential. I can't, you talk too fast for me. Your argument is that the trial transcript is sufficiently clear by itself? I believe that the trial transcript. But there also would have to be some findings as to whether the, what he told, he claims, the lawyer claims he told this all to your client and the client said that's all he wanted and nothing else and so on. So somebody would have to make some findings about that. Who would make that? Well, if you remanded, that would be fine. I think that it's, that would, I just want this thing determined. I think it's pretty clear that they weren't talking. No one used the word potential when he was talking to the judge and the prosecutor and no one corrected him. Well, what is your understanding of the substantive requirement? Do the federal, do the Supreme Court cases require a firm offer or else there's nothing? Actually, I'm sorry. Do the Supreme Court cases, the recent ones, require a firm offer? I mean, suppose, I mean, suppose what happened, really happened here was that their, the judge said, what did you consider six years and the prosecution said six years. Well, we'd be willing to go to our supervisors with the six years and the trial defense lawyer went to his client and said, well, they're willing to go and see if they can get you six years. And the client says, well, I don't want this, I want time served. Should the lawyer then have said, well, you're not going to get time served, but I could ask for three years and is that a cognizable federal claim of ineffective assistance or something or what? What exactly is your substantive claim? Well, I believe that he has a right to effective assistance of counsel. I'm sorry, what? I believe that Hansay has a right to effective assistance of counsel in the plea negotiation process. Obviously he did, but I want to know what the content of that is. Well, I believe that his attorney should have, his attorney, even his attorney's declaration says Mr. Say asked for time served and according to the, it looks as though he told the court that. There's no record even in his declaration that he went back to Mr. Say and said, look, they've turned it down, you know, this is a bargaining thing, they gave you six years, you sit here, that's not going to happen. Suppose they really weren't, that's what I want to find out, suppose they weren't, there was no firm offer of six years because the client had said don't bother going to get it because I'm not going to take the six years. Is there any further obligation at that point? If the client said no, I'm disavowing the entire plea process. No, he didn't say that, he said I don't want six years. Well, I think the attorney still has an obligation to work and to... That's what I'm asking you, does the Supreme Court case law require that the, I mean, recognize a claim for ineffective assistance with regard to anything other than a firm offer? That's what I'm trying to find out. I believe it does because... You don't or you do? I do believe it does and the reason is because all you do is you shift the question in this case to, well, why didn't the offer become a firm offer? Could it possibly have been because his attorney didn't make it clear to him? Could it be because his attorney went back to the court and disavowed the entire plea process, which even his attorney's declaration, he never claims that that was Mr. Say's intent. In fact, he documents that at the end of the trial, Mr. Say was still interested in the process, the plea process and whether or not it was still available. You have a state court finding here, do you not, that says that there was no firm plea offer made? Why isn't that presumed to be correct? That's because, like I said, there's only two pieces of evidence here. One is the transcripts where nobody says, talks about a potential. And then you've got the thing that is the declaration his attorney did three years later where he talks about this potential offer. For six years the attorney general's been talking about this potential offer and manipulating or what that means. But you've got a state court finding. Isn't it correct that there is a finding by the state court that there was no firm plea offer made? Why isn't that presumed to be correct? And also, why doesn't it get a deference? What is the defect in that finding, if any? Because it's based on, there's only two pieces of evidence here, and the piece of evidence it's based on is John Lee's declaration. In John Lee's declaration, he says it was only a potential offer. But he defines what he means by that in his declaration under paragraph 5. Oh, it's an unreasonable determination of the facts? Is that your position? Yes. Unreasonable because, basically because they credited the lawyer over him with no hearing, is that why? Excuse me? Because they credited the lawyer over your client with no hearing, is that why it's unreasonable? Why is it unreasonable? Well, I thought it was unreasonable because the trial transcripts clearly document an offer. They were talking about an offer, not a potential offer. And when you go to John Lee's declaration under 5, he explains what he means by potential offer. He says to Hansay, after he's convicted, he said there was never a real offer because you refused the potential offer. This seems to indicate that John Lee, a potential offer is an offer that the defendant refused. The reason it did not become a real offer is because he didn't accept it. Can I get some more? Thank you. I do have an answer to your question about the, I believe it's the, his trial, excuse me, his appellate attorney's having the record. This court in 2001 did a case, Hassen v. Glaza. Which one, I'm sorry? It's a case, Hassen v. Glaza from 2001, where they said that ineffective assistance has two prongs, deficient performance and prejudice. And there's a factual predicate to both of those. So even though his attorneys, his direct appeal attorneys realized that there was a plea bargain, they did not realize that he had been misrepresented or what his attorney was representing to him and how he'd been misrepresented to the court. So the prejudice was not apparent to them. Thank you. Thank you. Good morning, Your Honors. Deputy Attorney General Dana Muhammad Ali for the warden. May it please the court. Your Honors, the district court here properly dismissed Petitioner's plea offer claim as untimely for three reasons. And the first reason is that the district court properly found that no formal plea offer was ever extended in the first place. This was based on the state court's finding in the superior court. Well, first of all, the district court and you keep maintaining that this was all happened in open court, which it didn't. This happened in the, at a sidebar, Your Honor. Right. Where Petitioner was present in court because this was during trial. He was in the court, but there's absolutely no evidence he heard what happened at the sidebar, and the record is very meticulous about who was where when. And there's certainly no indication that he was there at the sidebar or heard anything. So at least to that degree, don't we have to just disregard the district court opinion because it was based on a clear error of fact? I would not say that, Your Honor. I mean, I think that there's nothing in the record to show that Petitioner did not hear. Ordinarily clients are not at sidebars, and ordinarily they don't hear what's happening. I believe the district court based that on the... And when he said it was in open court, he was just wrong. It wasn't in open court. It was at a sidebar. I agree with you, Your Honor. But Petitioner was present in court, and presumably, notwithstanding that, here what we have is that there was the trial judge requested during the prosecution's witnesses, they were being presented, and the trial judge requested that the prosecutor go explore the possibility of a six-year plea offer. That plea offer was never formal, and based on the record before the district court...  Now you're arguing the merits. Now I'm arguing what? The merits of the case. You're assuming that the district court was wrong about the timeliness issue, and you're going to the merits. That's not what I'm doing, Your Honor. No. I'm talking about a later commencement date here based on, I'm arguing timeliness. So that kind of goes into an analysis of the merits of the plea offer claim in the first place. So you're saying it was discoverable because he knew it, not because he could have found it out. Is that your argument? Well, both, Your Honor, because... Well, why don't you address the second part of it? Assuming he wasn't at the sidebar, assuming he didn't know about it, then could he have discovered it? Well, I would say that he did know about it based on the evidence that his trial attorney wanted to place this on the record, what we have from that little blurb in the trial transcript. His attorney requested, Your Honor, I think this should be on the record. Well, that's his attorney's version of what happened, but his version is that's not what happened. And I didn't realize that my trial attorney had told this to the judge, and it's wrong. That's his version. But it's the trial attorney's version, but... No, it's the Petitioner's version. Petitioner's version is that he never knew anything about this plea offer. No. I gather his version is that what the trial lawyer told the district judge was wrong, and he didn't know that he had told that to the district judge. I believe that Petitioner's position is that he never knew anything about the plea offer in the first place. He had no idea about this plea offer until sometime in March 2008. The trial lawyer told the judge otherwise, and he says that isn't true, I didn't know, and I didn't know that he told him that. So what, and since it was all at a sidebar, how would he know he told it to him? Well, we have trial counsel's declaration, which on its own obviously is uncorroborated. Which we can either believe or not believe, right? In other words, they're at odds with each other. They are at odds with each other. We have two different versions. However, what we do have is that trial counsel's declaration is corroborated by what the prosecutor said during the trial, during that brief conversation. But you can't get away from the fact that if there's a timely petition here, you have, the problem is that they're disagreeing with each other about what happened, and presumably somebody has to resolve the factual question. Unless, unless you can, unless there's a legal problem with his argument of the kind we were talking about before, i.e., does there have to be a firm more firm, is it clear that there wasn't one? But that's the merits. That's why I said you're arguing the merits. So which are you arguing? I'm arguing timeliness right now. Okay. So let's, how are you, tell me your timeliness argument. The district court here properly found that he wasn't entitled to a later commencement date under D-1B. Because? Because he knew there was no offer in the first place. But that's the merits. However, it's kind of tied together, Your Honor, because there is a factual, there are factual findings that have to be made in order to determine whether he could have discovered the factual predicate of his ineffective assistance of counsel claim related to this plea offer. So if we move on past that finding from the district court, they found no plea offer was made, one. Second, that petitioner was aware of the facts of that plea offer claim at the time of his trial, because they made that finding that he was there, in court. However, they also find that, they also found, the district court also found that he knew about it based on what the district, I'm sorry, what the superior court found. And furthermore. What did the superior court find? Well, the superior court found, the superior court found that no plea offer was ever made. However, the district court looked at what happened in the superior court. In the second superior court habeas petition, the superior court ordered an informal response from the people. That's why we have a declaration from trial counsel in the first place, because the people submitted. And they chose to believe what the trial counsel said in a declaration over what the petitioner said in a declaration. Well, looking at petitioner's petition, the informal response, which included a declaration, also included the people's position. And looking at petitioner's response to that. So they essentially made factual findings without a hearing. Exactly. After credibility. Exactly. And you can do that? That's okay? The state court is entitled to make those findings. On credibility without a hearing, without hearing. The state court wasn't required to have an evidentiary hearing. Based on the documents, there was no showing that an effective assistance of counsel occurred. That's only if you disregard the petitioner's version. And that's what the state court did. And you can do that? Yes. I thought he has to make a prima facie case. Doesn't that just fail the requirement of a basic finding for deference under 254G2, that there be a reasonable finding of fact? Is it a reasonable finding of fact to just look at blanket pieces of paper and choose to believe one person over the other? I think so, Your Honor. And in this case. Is there authority for that? Well, we did not argue the merits of this in the district court. Yeah, because you took the position that something happened in open court that didn't happen in open court. Well, we also further took the position, Your Honor, that petitioner was aware of these facts or he could have discovered them. Well, assume he wasn't aware. Do you still have an argument that it was untimely? Except his position, his factual position. I wasn't aware of this plea offer. Did he still find the facts of this issue through the exercise of due diligence? Does he meet that standard? He doesn't meet that standard, Your Honor. Why not? He has not shown anything. He has not offered anything in terms of how he was diligent this entire time up until March 2008 when he allegedly discovered the factual predicate of this claim. Well, what could he have done? What should he have done? Could he have asked for the transcript from his lawyers? Explain to me. He could have asked for the transcripts from his lawyer. However, there isn't really an indication why he received his transcripts in March 2008. He had the assistance of attorneys, different attorneys, a paralegal, his mother-in-law this entire time up until March 2008 when he alleges that that was the first time he learned of the factual predicate of this claim. However, he has not exercised diligence and, therefore, he's not entitled. He doesn't meet that prong of receiving a later commencement date under D1D. And, therefore, his petition is still rendered untimely. I want to go back to Judge Berzon's question about is there any Supreme Court authority that requires a plea offer to be formal. And there's the two cases that were the recent cases from the Supreme Court, Lafler and Frye. In Frye, it was the attorney was found to be ineffective for failing to communicate an offer, a formal offer. And ineffective assistance was found based on that. Those were formal offers that were e-mailed. They were two separate. But what difference should it make? Let's suppose that the lawyer flatly, I understand you say he didn't because he says he didn't. But the petitioner says, you know, all of this never happened. He never told me anything about it. Okay? Suppose that's true. Suppose what had happened was the trial judge said, you know, this is a lousy case. You should offer him six years. And the state lawyer says, oh, I'm willing to go to my supervisor with that. And the, let's suppose that the trial, that the defense lawyer without telling his client anything, just hypothetically, says, oh, my client only wants time served and we shouldn't have any more plea negotiations. I'm not going anywhere. And he doesn't ask his client. He's not really reflecting anything his client ever said. He's just making it up. Now, is there any reason why that shouldn't, there may not be. The Supreme Court hasn't had that case. Maybe there's an input problem. Is that what you're saying? Yes. If there's no controlling Supreme Court authority, then there's no relief that can be granted. But on what possible theory could that not be an effective assistance if not communicating a vermor for is? Under your hypothetical, this scenario, of course, that counsel would be found to be ineffective because he's making decisions. But that's essentially what the client here is claiming. Now, you don't believe him, and maybe, but there's never been a hearing to see who's lying. Yes, but the State court made a credibility determination based on the documents. But it made a credibility determination without hearing the witnesses. Those, Your Honor, those findings are entitled to deference under ADPA. Well, I'd like to see a case saying that. I mean, I understand that if he doesn't make a prima facie case, he doesn't get further. But if he makes a prima facie case and there's a declaration put in opposing him, where is the authority to just believe the lawyer because he's a lawyer? I don't believe that the lawyer was believed just because he was a lawyer. I think what the lawyer was saying, what his trial counsel was saying, that the trial judge asked for the six-year plea offer. And it makes sense because here we are in the middle of trial. This conversation that took place at Sidebar, it wasn't before trial commenced. This was while trial was happening. So everything that trial counsel is stating in his declaration is corroborated by what we have in the trial transcript, that it's already in the middle of trial. Witnesses have already been ---- It's not corroborated that he went and told this to his client and his client told him he wants the time served. But the prosecutor said he wants time served. I mean, she knew that. Because that's what the lawyer told her. But it's not corroborated that that's what the client told the lawyer. I think the only thing that we have uncorroborated here is Petitioner's version. What we do have is that the trial counsel's ---- What the district court found and what the state court found here is that no plea offer was made. Those findings are entitled to deference. The district court's findings are ---- Is that what the district court found or did the district court find that the whole thing was untimely because the lawyer ---- because everything happened in open court and he should have known it? Well, that was one thing that the district court said. But it went on to say that he should have known about this because that he would ---- he should have known about this plea offer or this potential plea offer during trial based on what happened in state court and what the state court found here. And the district court looked at the informal response, looked at what happened in the superior court when that state court rejected this ineffective assistance of counsel claim on the merits, reasonably so. So here, because the district court properly found that he wasn't entitled to a later commencement date and further found that he wasn't entitled to equitable or statutory to render his petition timely, they properly dismissed it as untimely. And even if this court were to reach the merits of Petitioner's Claim, the district court made findings that lead to the conclusion that the state court reasonably rejected Petitioner's ineffective assistance of counsel claim based on this plea offer. So if there are no further questions. Wouldn't it be much simpler just to send it back to the district judge and have a hearing on it? A hearing on the merits of this claim, Your Honor? Yeah. Well, that's foreclosed by pinholster because ---- What? That's foreclosed by pinholster because the district court is bound by what happened in the state court. Well, the district court is bound by the record. The record doesn't come to a ---- as conflicting evidence. Well, the evidence was resolved by the state court here. And unless ---- All right. We're back to the same spot again. Unless this court finds that there was an unreasonable determination of the facts or that it was an incorrect application of clearly established Supreme Court precedent, then there has to be deference to the state court's decision in this case. Is it possible ---- Does the state judge have a responsibility in this? The state judge actually went above and beyond here asking for an informal response. They get this allegation that I never heard about this plea offer claim in the first place. And the judge issues an order saying we need an informal response in this case and looked at everything and found that no plea offer was ever made in the first place, and therefore there could be no ineffective assistance of counsel. I'm talking about the trial judge. The trial judge? Yeah. Can you ---- I'm sorry, Your Honor. I'm not understanding what you mean. Well, I just wondered if the trial judge had some responsibility to make sure, since the judge was the one that suggested the six years, that somehow the client knew about it. Well, there's a representative ---- All we know is that the judge made the suggestion of six years and that the client wanted time served. How much time had he been in prison? Not that long, huh? I don't believe so, Your Honor. But this was ---- he was ---- for this offense, do you mean? Yeah. He got two life sentences. He'd been waiting disposition of his case. He'd been there probably, what, less than a year? I don't have it off the top of my head, Your Honor, but I don't believe it was that long. And the judge didn't see to it that there was a proper record left here. Everything's up in the air. I mean, we, of course, this court and what the district court had to work with and the state court when adjudicating this on habeas, you know, we didn't have a perfect record, but what we do have here is a proper finding by the district court, which cannot be overturned unless it's clearly erroneous, that this plea offer never existed in the first place and that petitioner knew about it in any event. He knew about the plea discussions and ---- Because it was an open court, which it wasn't. It was at a sidebar, Your Honor. That's not an open court. That's not open court. So who made that finding? The district court in their R&R in making the finding that the petition was untimely and that petitioner was not entitled to a later commencement date under D1D stated that the discussions were made in open court. It was at sidebar. Petitioner was present in court, but this conversation took place at sidebar. But in any event, he wasn't entitled to this later commencement date because he didn't show diligence. That was another finding by the district court that ---- Why don't you talk so fast? Oh, I'm sorry, Your Honor. I'm not used to ---- I know today everybody texts fast, talks fast, just like you got a 30-second ad, you know. So tell me what you just said. I apologize, Your Honor. The district court made the finding, the district court made a finding that petitioner, first of all, no plea offer was made. Second of all, that he would have known about this plea offer because it was in open court. But furthermore ---- Well, he was wrong about that. The conversation that took place was at a sidebar. Yeah. However, the finding that he wasn't entitled to a later commencement date was correct because petitioner didn't demonstrate diligence. And there was further findings by the district court that petitioner failed to demonstrate diligence as required by D1D. If you want a later commencement date, you have to show diligence. He didn't demonstrate diligence? He didn't demonstrate any diligence in the district court and still has not demonstrated. Getting the transcript. In getting the ---- well, just in discovery. Not just getting the transcripts, Your Honor, just discovering. But that is part of it. Discovering what? Discovering the factual predicate of his claim, which in this case ---- I mean, did you say cover or discover? Discover. Discover. Discover. Discover. Yeah. Yes. Okay. So the district court properly dismissed this claim as untimely. And that's why we respectfully request that the district court judgment be affirmed, Your Honors. If there are no further questions, I'll submit. Thank you. Okay. Thank you. All right. The matter is submitted.
judges: Amon, Pregerson, Berzon